**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

RONALD E. WILLIAMS,

        Plaintiff,

v.

SERVICE TIRE TRUCK CTR.,

        Defendant.

No. 1:18-CV-1430
(MAD/CFH)

---

**APPEARANCES:**

Ronald E. Williams
15 Campus View Drive
Loudonville, New York 12211
Plaintiff pro se

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis Application

The Clerk has sent to the Court a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by plaintiff pro se Ronald E. Williams. Dkt. Nos. 1 ("Compl."), 6. After reviewing plaintiff's IFP Application, the Court finds that he may properly proceed IFP.[1] See Dkt. No. 6.

---

[1] Plaintiff is advised that, despite his IFP status, he will still be required to pay any fees he incurs in this action, including copying fees and witness fees.

## II. Initial Review[2]

### A. Standard of Review

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his or her complaint before permitting him or her to proceed with the action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer,

---

[2] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

2

prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant['s] duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

**B. Plaintiff's Complaint**

Plaintiff seeks to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging race discrimination. See generally Compl. In the pre-printed form generated for use in Title VII actions, plaintiff checks the boxes indicating that the conduct complained of in this action involves (1) termination of employment; (2) unequal terms and conditions of employment; and (3) hostile work environment. Id. at 2. Plaintiff alleges that he is an African-American male who was employed as a "tire tech/service person[n]el" at Service Tire Truck Center since July 2014. Id. at 7. He contends that he was "the top worker," and that he "did [his] job very well per [his] service manager[,] coworkers, and customers." Id.

On July 5, 2017, plaintiff requested to speak with the branch manager Frank Washburn. Compl. at 8. Plaintiff questioned whether Mr. Washburn had a problem with him. Id. Mr. Washburn first stated that he did not, but then stated that he did have a problem with plaintiff because plaintiff did not do any work. Id. Plaintiff responded that he did "all of the work around here," and that the other employees did not do anything. Id. Mr. Washburn told plaintiff to worry about himself, and not to worry about the other employees. Id. He then stated that he was demoting plaintiff and deducting three dollars off of his pay. Id. Mr. Washburn told plaintiff that he was the boss and could "do what [he] want[ed]." Id.

On July 11, 2017, plaintiff asked Joe Fagan, the branch delivery driver, to call the Target in Amsterdam, New York to see if they needed a pick-up. Compl. at 9. Mr.

Fagan called the Target, and stated, "yo, nigger you got a pick-up[?]" twice. Id. Plaintiff informed Mr. Washburn of Mr. Fagan's behavior, and Mr. Washburn stated, "you know he['s] stupid." Id. On July 17, 2017, plaintiff found a noose and a sheet of paper with the word "nigger" in his work locker. Id. Plaintiff informed Mr. Washburn and service manager Joe Bacon, and Mr. Washburn took pictures of plaintiff's locker. Id.

On July 19, 2017, plaintiff asked Mr. Washburn what was being done with regard to the derogatory conduct, and Mr. Washburn stated that he would "make some phone calls." Compl. at 10. On December 8, 2017, a co-worker stated "that smells good." Id. When plaintiff asked what he meant, the co-worker said "fried chicken." Id. The co-worker then stated, in front of three customers, that he needed to get the fried chicken smell "made into a fragrance so [he could] attract black women." Id. The customers and other staff in the store laughed, and plaintiff felt "disrespected." Id. Plaintiff informed Mr. Washburn, but nothing was done. Id. Plaintiff suggests that he was terminated "due to events that [he] could no longer work for the company, and [their] failure to do anything about it." Id. at 4.

Plaintiff requests monetary relief for lost wages in the amount of $80,000, as well as an unspecified amount of compensatory damages for pain and suffering. Compl. at 5. Plaintiff also requests that the defendant company implement a policy to insure this derogatory conduct does not happen again. Id.

## C. Analysis[3]

### 1. Race Discrimination

Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.§ 2000e-2(a)(1). "At the pleading stage, plaintiff must allege the essential elements of an employment discrimination claim." Berger v. NYS Office for People with Dev. Disabilities, No. 6:16-CV-1277 (LEK/ATB), 2016 WL 11265988, at *3 (N.D.N.Y. Nov. 8, 2016) (citation omitted). "To establish a prima facie case of race discrimination, a plaintiff must prove that (1) [ ]he was within the protected class; (2) [ ]he was qualified for the position; (3) [ ]he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." Benedith v. Malverne Union Free Sch. Dist., 38 F. Supp. 3d 286, 317 (E.D.N.Y. 2014).

Although plaintiff alleges that he was demoted and his salary reduced by three dollars, plaintiff fails to plausibly suggest that these actions occurred because of plaintiff's race. See Fox. v. Albany Med. Cntr., No. 1:17-CV-0798 (TJM/DEP), 2017 WL 4417751, at *3 (N.D.N.Y. Sept. 11, 2017) ("In this case, plaintiff's complaint is lacking in allegations plausibly linking the adverse actions complained of — including being sent home in the middle of a shift, being stripped of duties or demoted, and ultimately having her employment terminated — to either plaintiff's sex or race."). In fact, the complaint

---

[3] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

seems to suggest that the defendant company demoted plaintiff and deducted money from his paycheck because, despite plaintiff's allegations to the contrary, he "did not do any work." See Compl. at 8. Accordingly, it is recommended that plaintiff's Title VII race discrimination claim be dismissed without prejudice, and with opportunity to amend to allege facts demonstrating that plaintiff's demotion and deduction in pay were linked to his race or color.

### 2. Hostile Work Environment

"To assert a cognizable Title VII hostile work environment claim, a complaint must allege facts plausibly suggesting that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the [plaintiff]'s employment and create an abusive environment.'" Fox, 2017 WL 4417751, at *3 (quoting Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 102 (2d Cir. 2010)).

> Where . . . a co-worker, as opposed to a supervisor or manager, harasses the plaintiff, the "employer is directly liable for [the] employee's unlawful harassment if the employer was negligent with respect to the offensive behavior [,]" Vance v. Ball State Univ., 570 U.S. 421, 427 (2013), i.e., "if the employer failed to provide a reasonable avenue for complaint or failed to take appropriate remedial action" about harassment of which it knew, or in the exercise of reasonable care should have known. Summa v. Hofstra Univ., 708 F.3d 115, 124 (2d Cir. 2013) (quotations and citation omitted).

Haggod v. Rubin & Rothman, LLC, No. 14-CV-34L (SJF)(AKT), 2014 WL 6473527, at *21 (E.D.N.Y. Nov. 17, 2014) (internal citation omitted). "Evidence that an employer did

7

not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed would be relevant." Id. (internal quotation marks and citation omitted). Moreover, "'[a]n employee is constructively discharged when his employer, rather than discharging him directly, intentionally creates a work atmosphere so intolerable that he is forced to quit involuntarily.'" Petrosino v. Bell Atl., 385 F.3d 210, 229 (2d Cir. 2004) (quoting Terry v. Ashcroft, 336 F.3d 128, 151-52 (2d Cir. 2003)).

Insofar as plaintiff suggests that his coworkers' alleged misconduct, and Mr. Washburn's failure to remedy that alleged misconduct, made his work environment so intolerable that he was forced to quit, Compl. at 9-10, these allegations suffice at this early stage, to set forth a cause of action for hostile work environment in violation of Title VII. Accordingly, it is recommended that plaintiff's hostile work environment claim survive initial review. However, the undersigned makes no finding as to whether the claim would survive a properly-supported motion to dismiss or motion for summary judgment.

### 3. Unequal Terms and Conditions of Employment

On his form complaint, plaintiff checked the box indicating that the defendant company subjected him to "unequal terms and conditions of employment." See Compl. at 2. "To establish this claim, plaintiff must show that there were other similarly situated employees, outside of the protected class, who engaged in conduct substantially similar to that of plaintiff but received preferential treatment." Vanhorne v. New York City

8

Transit Auth., 273 F. Supp. 2d 209, 216 (E.D.N.Y. 2003) (citation omitted). Plaintiff fails to set forth facts in his complaint suggesting that the defendant company subjected him to unequal terms and conditions of employment as he fails to demonstrate that there were other similarly situated employees, outside of his protected class, who engaged in similar conduct, but received preferential treatment. See id.[4] Accordingly, it is recommended that, to the extent that plaintiff has attempted to set forth an unequal terms and conditions of employment claim, this claim be dismissed without prejudice and with opportunity to amend to cure the defects noted herein.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby,

**ORDERED**, that plaintiff's motion to proceed in forma pauperis (Dkt. No. 6) is **GRANTED**; and it is

**RECOMMENDED**, that

>(1) Plaintiff's hostile work environment claim pursuant to Title VII proceed;
>
>(2) Plaintiff's racial discrimination claim pursuant to Title VII be **DISMISSED without prejudice** and with opportunity to amend to allege facts demonstrating that plaintiff's demotion and deduction in pay were due to his race or color;

---

[4] "In order for employees to be 'similarly situated' for the purposes of establishing a plaintiff's prima facie case, they 'must have been subject to the same standards governing performance evaluation and discipline, and must have engaged in conduct similar to the plaintiff's . . . .'" Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 96 (2d Cir. 1999) (citing Mazzella v. RCA Global Communications, Inc., 642 F Supp. 1531, 1547 (S.D.N.Y.1986), aff'd, 814 F.2d 653 (2d Cir. 1987).

9

(3) Plaintiff's claim alleging that he faced unequal terms and conditions of employment due to his race pursuant to Title VII be **DISMISSED without prejudice** and with opportunity to amend to adequately allege facts demonstrating that there were other similarly situated employees outside of plaintiff's protected class who engaged in substantially similar conduct and received preferential treatment; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order, plaintiff be provided thirty days from the date of any order adopting this Report-Recommendation and Order to file an amended complaint,[5] and should plaintiff decline to file an amended complaint within that time, defendant or their counsel be required to file a formal response to the surviving claims in the original complaint as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the defendant; and it is

**ORDERED**, that if plaintiff amends his complaint, the Clerk of the Court return the case to the magistrate judge for review of the amended complaint, and if plaintiff does not amend his complaint within the time-period set forth, the Clerk return the case to the magistrate judge for service of the original complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this

---

[5] Any amended complaint must be a complete pleading and include all facts and claims not otherwise dismissed by the Court without prejudice. If accepted by the Court for filing, the amended complaint will supersede and replace the original complaint in its entirety; thus, the amended complaint becomes the operative pleading and the original complaint will no longer be considered. See Dluhos v. Floating & Abandoned Vessel, Known as New York, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)).

Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[6]

Dated: January 16, 2019
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[6] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).