**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RONALD E. WILLIAMS,**

          **Plaintiff,**

vs.                  1:18-CV-1430
                     (MAD/CFH)
**SERVICE TRUCK CTR.,**

         **Defendant.**

---

**APPEARANCES:**         **OF COUNSEL:**

**RONALD E. WILLIAMS**
15 Campus View Drive
Loudonville, New York 12211
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

  On December 12, 2018, Plaintiff *pro se*, brought this action pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") alleging race discrimination. *See* Dkt. No. 1. In the pre-printed form generated for use in Title VII actions, Plaintiff checked the boxes indicating that the conduct complained of in this action involves the following: (1) termination of employment; (2) unequal terms and conditions of employment; and (3) hostile work environment. *Id.* at 2. Plaintiff seeks monetary relief for lost wages in the amount of $80,000, as well as an unspecified amount of compensatory damages for pain and suffering. *See id.* at 5. Plaintiff also seeks that Defendant implement a policy to insure this derogatory conduct does not happen again. *Id.* Plaintiff also filed a motion for leave to proceed *in forma pauperis*. *See* Dkt. No. 6.

  Plaintiff alleges that he is an African-American male who was employed as a "tire tech/service personnel" at Service Tire Truck Center since July 2014. Dkt. No. 1 at 7. He

contends that he was "the top worker," and that he "did [his] job very well per [his] service manager, coworkers, and customers." *Id.*

On July 5, 2017, Plaintiff requested to speak with the branch manager Frank Washburn. *See id.* at 8. Plaintiff questioned whether Mr. Washburn had a problem with him. *Id.* Mr. Washburn first stated that he did not, but then stated that he did have a problem with Plaintiff because he did not do any work. *Id.* Plaintiff responded that he did "all of the work around here," and that the other employees did not do anything. *Id.* Mr. Washburn told Plaintiff to worry about himself, and not to worry about the other employees. *Id.* He then stated that he was demoting Plaintiff and deducting three dollars off of his pay. *Id.* Mr. Washburn told Plaintiff that he was the boss and could "do what [he] want[ed]." *Id.*

On July 11, 2017, Plaintiff asked Joe Fagan, the branch delivery driver, to call the Target in Amsterdam, New York to see if they needed a pick-up. *See* Dkt. No. 1 at 9. Mr. Fagan called Target, and twice stated, "yo, nigger you got a pick up[?]" *Id.* Plaintiff informed Mr. Washburn of Mr. Fagan's behavior, to which Mr. Washburn stated, "you know he's stupid." *Id.* On July 17, 2017, Plaintiff found a noose and a sheet of paper with the word "nigger" in his work locker. *Id.* Plaintiff informed Mr. Washburn and service manager Joe Bacon, and Mr. Washburn took pictures of Plaintiff's locker. *Id.*

On July 19, 2017, Plaintiff asked Mr. Washburn what was being done with regard to the derogatory conduct, and Mr. Washburn stated that he would "make some phone calls." Dkt. No. 1 at 10. On December 8, 2017, a co-worker stated that smells good. *Id.* When Plaintiff asked what he meant, the co-worker said "fried chicken." *Id.* The co-worker then stated, in front of three customers, that he needed to get the fried chicken smell "made into a fragrance so [he could] attract black women." *Id.* The customers and other staff in the store laughed, and Plaintiff felt

"disrespected." *Id.* Plaintiff suggests that he was terminated "due to events that [he] could no longer work for the company, and [their] failure to do anything about it." *Id.* at 4.

In a Report-Recommendation and Order, Magistrate Judge Hummel conducted an initial review of the complaint and made the following recommendations: (1) Plaintiff's hostile work environment pursuant to Title VII proceed; (2) Plaintiff's racial discrimination claim pursuant to Title VII be dismissed without prejudice; and (3) Plaintiff's claim alleging that he faced unequal terms and conditions of employment due to his race pursuant to Title VII be dismissed without prejudice. It was further recommended that if such recommendations are adopted, that Plaintiff be provided thirty days from the date of said order to file an amended complaint. *See* Dkt. No. 8 at 9.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se,* waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial

review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to file a timely objection will result in the waiver of further judicial review and cites the pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, the Court finds that Magistrate Judge Hummel correctly determined that the Court should allow Plaintiff's hostile work environment claim pursuant to Title VII proceed. Moreover, the Court finds that Magistrate Judge Hummel correctly determined that Plaintiff's racial discrimination claim pursuant to Title VII be dismissed without prejudice and with opportunity to amend to allege facts demonstrating that Plaintiff's demotion and deduction in pay were due to his race or color. Plaintiff's complaint failed to plausibly suggest that these actions occurred because of Plaintiff's race, as is required. *See Fox v. Albany Med. Ctr.*, No. 1:17-cv-798, 2017 WL 4417751, *3 (N.D.N.Y. Sept. 11, 2017).

Finally, the Court finds that Magistrate Judge Hummel correctly determined that Plaintiff's claim alleging that he faced unequal terms and conditions of employment due to his race pursuant to Title VII should be dismissed without prejudice and with opportunity to amend to adequately allege facts demonstrating that there were other similarly situated employees outside of Plaintiff's protected class who engaged in substantially similar conduct and received preferential treatment. *See Vanhorne v. New York City Transit Auth,*, 273 F. Supp. 2d 209, 216 (E.D.N.Y. 2003) (citation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** that any amended complaint must be filed within thirty (30) days of the filing of this Order.[1] Should Plaintiff decline to file an amended complaint within that time, Defendant or its counsel are required to file a formal response to the surviving claims in the original complaint as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendant; and the Court further

**ORDERS**, that if Plaintiff amends his complaint, the Clerk of the Court shall return the case to Magistrate Judge Hummel; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 31, 2019
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] Any amended complaint must be a complete pleading and include all facts and claims not otherwise dismissed by the Court without prejudice. If accepted by the Court for filing, the amended complaint will supersede and replace the original complaint in its entirety; thus, the amended complaint becomes the operative pleading and the original complaint will no longer be considered. *See Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect") (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).