**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**RONALD E. WILLIAMS,**

                        **Plaintiff,**

vs.                                                 **1:18-CV-1430
(MAD/CFH)**

**SERVICE TIRE TRUCK CTR.,**

                        **Defendant.**

---

**APPEARANCES:**                            **OF COUNSEL:**

**RONALD E. WILLIAMS**
15 Campus View Drive
Loudonville, New York 12211
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action *pro se* on December 12, 2018. *See* Dkt. No. 1. Plaintiff's initial complaint asserted claims against Defendant Service Tire Truck Center pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") alleging race discrimination. *See id.* On May 31, 2019, the Court adopted Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 8), dismissing Plaintiff's claims of racial discrimination and unequal terms and conditions of employment due to his race against Defendant with leave to amend. *See* Dkt. No. 9 at 5. The Court found that the remaining claim regarding a hostile work environment pursuant to Title VII survived initial review. *See id.* On June 25, 2019, Plaintiff filed an amended complaint. *See* Dkt. No. 10.

      In a Report-Recommendation and Order dated July 25, 2019, Magistrate Judge Hummel conducted an initial review of the amended complaint and made the following recommendations: (1) Plaintiff's race discrimination claim pursuant to Title VII relating to an increase in work

assignments and workload based on his race or color proceed; (2) Plaintiff's unequal terms and conditions of employment claim pursuant to Title VII proceed; and (3) Plaintiff's race discrimination claim pursuant to Title VII relating to an alleged threat of demotion and reduction in pay be dismissed without prejudice. *See* Dkt. No. 11 at 11-12.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to file a timely objection will result in the waiver of further judicial review and cites the pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states

that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, the Court finds that Magistrate Judge Hummel correctly determined that the Court should allow Plaintiff's racial discrimination claim pursuant to Title VII relating to an increase in work assignments and workload based on his race or color proceed. Plaintiff's amended complaint alleges that he was directed to perform up to five times the workload of his Caucasian coworkers who otherwise "hung out" in branch manager Frank Washburn's office. *See* Dkt. No. 10 at 2. This imbalance began after Mr. Washburn's tenure as Plaintiff's supervisor and subsequently after the firing or constructive discharge of two other African-American male employees allegedly because of race-based harassment. *See id.* This disparity qualifies as circumstantial evidence whereby an inference of discrimination can arise under Title VII. *See Benedith v. Malverne Union Free Sch. Dist.*, 38 F. Supp. 3d 286, 317 (E.D.N.Y. 2014); *see also Cincotta v. Hempstead Union Free Sch. Dist.*, 313 F. Supp. 3d 386, 406 (E.D.N.Y. 2018).

Moreover, the Court finds that Magistrate Judge Hummel correctly determined that the Court should allow Plaintiff's unequal terms and conditions of employment claim pursuant to Title VII proceed. Plaintiff belongs to a protected class of persons as an African-American person. *See Holder v. City of Yonkers*, No. 04 CIV. 10314(LMS), 2006 WL 1582081, *8 (S.D.N.Y. June 7, 2006); Dkt. No. 10 at 1. Plaintiff's job performance was satisfactory based on consistent praise from his former supervisor. *See Holder*, 2006 WL 1582081, at *8; Dkt. No. 10 at 1. Plaintiff suffered adverse employment action that occurred under conditions giving rise to an inference of discrimination. *See Holder*, 2006 WL 1582081, at *8. Plaintiff alleges that he was instructed to perform exponentially more work than his Caucasian counterparts. *See* Dkt. No. 10 at 2. Plaintiff further alleges that his Caucasian counterparts were allowed to clock-in

dressed in civilian clothes, which he was directed not to do directly by Mr. Washburn.  *See id.*  Based on Magistrate Judge Hummel's initial review, Plaintiff alleges that his Caucasian coworkers received preferential treatment, and that Defendant subjected him to unequal terms and conditions of employment "under conditions giving rise to an inference of discrimination." *Holder*, 2006 WL 1582081, at *8 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Finally, the Court finds that Magistrate Judge Hummel correctly determined that Plaintiff's claim pursuant to Title VII relating to an alleged threat of demotion and reduction in pay be dismissed without prejudice and with opportunity to amend to adequately allege facts demonstrating that a realized threat of discipline or termination took place.  On July 5, 2017, Plaintiff spoke with Mr. Washburn, as outlined in the Court's previous Order of May 31, 2019. *See* Dkt. No. 9 at 2.  Mr. Washburn told Plaintiff, "I'm going to demote you and take three dollars of your pay [i]f you don't pick up the pace." Dkt. No. 10 at 3.  Plaintiff further described that his Caucasian coworkers were not subject to a "reduction or threat of reduction in pay or compensation." *Id.*  "[A]n unrealized threat of discipline or termination is not actionable under Title VII." *Bowles v. New York City Transit Auth.*, Nos. 00 Civ. 4123, 03 Civ. 3073 (BSJ) (MHD), 2006 WL 1418602, *10 (S.D.N.Y. May 23, 2006); *see also Mitchell v. SUNY Upstate Med. Univ.*, 243 F. Supp. 3d 255, 281 (N.D.N.Y. 2017), *aff'd sub nom. Mitchell v. State Univ. Of New York Upstate Med. Univ.*, 723 Fed. Appx. 62 (2d Cir. 2018).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** that Plaintiff's claim pursuant to Title VII relating to an alleged threat of demotion and reduction in pay is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall issue a summons and forward it with a copy of the complaint to the United States Marshal for service; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 4, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge